Ismael A. Murphy-Richardson

ADOC # 333262

Arizona Department of Corrections

FILED _____   _____ LODGED
_____ RECEIVED   _____ COPY

MAR 21 2022

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING
TO FEDERAL AND/OR LOCAL RULES AND PRACTICES
AND IS SUBJECT TO REJECTION BY THE COURT.

REFERENCE _LRCivP 5.4_
(Rule Number/Section)

In The United States District Court

District of Arizona

**CV22-00445-PHX-ROS--DMF**

Ismael Antonio Murphy-Richardson,

      Applicant.

Case No._____

(to be supplied by clerk)

-vs-

• The Arizona Department of

Corrections;

• The Acting Director of the

Arizona Department of Corrections;

• The Custody Holders at

the time of proceedings.

      Respondents

"PETITION FOR WRIT OF

HABEAS CORPUS BY AN

INMATE PLACED IN MAX

CUSTODY" UNDER

28 U.S.C. § 2243

JURISDICTION

This Court has jurisdiction over this action under

28 U.S.C. § 2243; see also U.S. Const. VIII Amdt.

-1-

Applicant hereby by challenges his Max custody placement on "petition for writ of habeas corpus" seeking this court order re-classification and rehousing of the inmate to an "ADA" - Aproved"; single-man cell; updated to meet or exceed the most innovative prison-reform, and, prison-litigation reform, renovations applying permanently in all recognized custody settings State, Federal, or Otherwise, wherefore; based on

(A) "Abuse of Process";

where disciplinary has been used to unduely commit the applicant into Max-custody placement without regard for the evidence which demonstrates he did not commit the offense, and, in violation of the "Eighth-Amendment" for excessive and wanton punishment.

(B) "Retaliation";

where staff of the custody holders deliberately commit adverse action, concealment, and denial(s) with unconstitutional vindictiveness for the inmate seeking to exercise those rights to conduct legal ~~application~~ affairs in connection to the criminal cases, justice system, etc. involving him as means to cause excessive and wanton punishment in violation of the Eighth-Amendment; and, as to create false evidence in-connection thereto the outside criminal

affirs.

The applicant is entitled to such relief with respect to "Wolf v. McDonnell".

-Interlocutory Order Sought-

Applicant hereby seeks this Court grant interlocutory order consisting of permanent and preliminary injunctive relief under "Fed. R. Civ. P. 65" commensurate the violations and arbitrary actions committed including the following reasonable accomodations under 42 U.S.C. §12102 in order to meet (FRAP.) Circuit Rule 25-5(d) requirements and to secure the value of his litigation efforts nexus the action, and effectively amend the document considering the circumstances.

Respectfully,

03-16-22
Ismael A. Murphy-Richardson.